UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RHONDA RAMSEY, | Case No. 2:23-cv-00122-RFB-NJK |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| CCDC, *et al.*, | |
| Defendants. | |

Plaintiff Rhonda Ramsey brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that she claims she suffered while incarcerated at Clark County Detention Center. (ECF No. 1-1.) On February 17, 2023, this Court ordered Ramsey to file a fully complete application to proceed in forma pauperis or pay the full $402 filing fee on or before April 21, 2023. (ECF No. 4.) The Court warned Ramsey that the action could be dismissed if she failed to file a fully complete application to proceed in forma pauperis with all three documents or pay the full $402 filing fee for a civil action by that deadline. (Id. at 2.) That deadline expired and Ramsey did not file a fully complete application to proceed in forma pauperis, pay the full $402 filing fee, or otherwise respond.

**I.  DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th

Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Ramsey's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by Yourish). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Ramsey either files a fully complete application to proceed in forma pauperis or pays the $402 filing fee for a civil action, the only alternative is to enter a second order

setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Ramsey needs additional time or evidence that she did not receive the Court's order. Setting another deadline is not a meaningful alternative given these circumstances. Thus, the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice based on Ramsey's failure to file a fully complete application to proceed in forma pauperis or pay the full $402 filing fee in compliance with this Court's February 17, 2023 Order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case, except as provided below.

**IT IS FURTHER ORDERED** that Ramsey may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this order. In this motion, Ramsey would need to explain that circumstances which led to her not being able to respond to the Court's February 17, 2023 Order. If the Court finds there is good cause or a reasonable explanation for the failure to respond, the Court will reopen the case and vacate the judgment. The Clerk of the Court is instructed to send Plaintiff a copy of this order.

DATED THIS 24th day of May 2022.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE